GRIFFIN, J.
Donielle Simpson [“Simpson”] appeals the lower court’s denial of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850.
Simpson was charged and convicted of armed robbery with a firearm and grand theft of a motor vehicle, and was sentenced on December 24, 2002, to life imprisonment as a prison releasee re-offender on the first count and time served on the second count. He filed a direct appeal, but his judgment and sentence were per cu-riam affirmed by this court. Simpson v. State, 851 So.2d 180 (Fla. 5th DCA 2003). On December 1, 2003, Simpson filed a pro se motion for post-conviction relief. As grounds for post-conviction relief, Simpson argued that trial counsel was ineffective because: (1) counsel failed to request a jury instruction that supported his defense, (2) counsel failed to object to hearsay testimony and evidence, (3) counsel failed to object to his co-defendant appearing before the jury in jail clothes, and (4) counsel failed to move for mistrial.
The trial court granted Simpson an evi-dentiary hearing on his motion. The hearing began as follows:
[Court]: Does Mr. Simpson need a lawyer?
[State]: I believe his motion was ProSe, Your Honor. I know that counsel had been appointed for him.
[[Image here]]
[Court]: Mr. Simpson, this motion requires an evidentiary hearings [sic]. In other words, you have your former lawyer present so that you may ask him questions, and he can address the issues that you’ve made in your motion for post-conviction relief. Are you ready to ask questions?
[Simpson]: Not at this time, sir.
[Court]: You don’t want to ask questions?
[Simpson]: Not at this time.
[Court]: Do you want him to address the issues that are contained in your motion?
* * *
[Simpson]: Yes, sir.
Trial counsel for Simpson then testified regarding the allegations of ineffective assistance asserted against him in Simpson’s motion. On the first ground concerning an accomplice jury instruction,[1] counsel stated that at trial three individuals testified they saw Simpson and the other co-defendants at the Hardee’s across the street from the bank just prior to the robbery. These witnesses also identified a gold vehicle with special rims. At least one of the witnesses who observed Simpson face-to-face in the Hardee’s positively identified Simpson in open court, as well as in a photographic lineup prior to the in-court identification. There was also eye-witness testimony of a bank employee who identified Simpson as the individual who robbed her in the bank. Finally, a law enforcement officer testified that within twenty *1212 minutes of the robbery, he stopped the described vehicle containing Simpson and the co-defendants. The officer positively identified Simpson as being in the vehicle along with Robert Pierson [“Pierson”], who was the driver.
Counsel acknowledged that he did not request an accomplice jury instruction, but urged that the transcript of the trial demonstrated that he brought out and thoroughly argued the facts showing Pierson’s strong motive to lie. In his closing argument, he pointed out to the jury that Simpson and Pierson have basically the same physical build, such that the person actually at the bank could have been Pier-son rather than Simpson. He testified he kept stressing to the jury that Pierson was getting six years’ imprisonment rather than life imprisonment for pointing his finger at Simpson. He said the challenge to Pierson’s credibility was “pretty much the crutch of our case.” He reiterated that in his cross-examination of Pierson, he went into detail to show how much Pierson could lose if he did not testify against Simpson. He stated he developed this argument in opening argument, cross-examination and closing argument.
As to the second ground raised in Simpson’s motion concerning the hearsay testimony of witness Richard Fondo, counsel testified that he did not see any ground to object to the documents coming in under the business record exception.
Regarding the third ground raised in the motion, the co-defendant Pierson’s appearance in orange clothing from the jail when testifying, counsel stated that this was part of his trial strategy, and he thought it helped Simpson’s case for the jurors to see Pierson in his jail clothes because it served to emphasize what Pier-son had to lose in not testifying against Simpson.
Counsel made a similar point concerning Simpson’s complaint that he failed to move for mistrial based on the prosecutor’s statement in his opening declaring that the co-defendant was in prison. The court noted that the statement made during opening statements that the co-defendant was in prison and made a deal with the State to testify was a fact that was going to be testified about, and he saw no basis for a mistrial motion.
At the close of trial counsel’s testimony, the following exchange occurred:
[Court]: Mr. Simpson, do you have any questions for [counsel]? You said you didn’t before. I will give you another chance.
[Simpson]: No. I have a question for you though, Your Honor?
[Court]: Yes, sir?
[Simpson]: I would like to know why I was not told that I would be able to ask him questions?
[Court]: I told you at the start of the hearing. I told you if you wanted to ask him questions. You said, “No.” [Simpson]: Before the hearing?
[Court]: Pardon?
[Simpson]: I would like to know why I wasn’t told before the hearing?
[Court]: It is not my job to give you legal advice.
[Simpson]: I’m not asking for legal advice. I’m just asking why I wasn’t able, why I was not told I would be able to ask questions.
[Court]: Well, because that would be legal advice. I would be telling you that you had a legal right to do something. My job is not to give you legal advice.
The court then made the following findings:
And since your hearing is now concluded, the Court points out for the record, these issues that have been brought on *1213 this motion for 3.850, are relatively simple in nature, and are not complicated by any stretch of the imagination, as we have in some cases. They are basic in nature. I find as to ground one, concerning the issue that was involved in this motion, the identification of the witness, in other words, the construction worker at the Hardee’s restaurant was firm and convincing during the course of this trial. He admitted he saw [Simpson] at Hardee’s, which was approximately 150 to 200 feet — I will take judicial notice that it is — from the Huntington Bank on or about the time of the robbery. He noticed that Mr. — everybody noticed that these fellows pulled up in a car that was easily identifiable based upon the wheels, the paint job on it. Also point out that the evidence against this defendant, all the codefen-dants was overwhelming. They chose to rob a bank in broad daylight with the codefendant, with a GPS ankle monitor on his leg that placed him at or near the scene of the Hardee’s in the particular case, confirming the eyewitnesses there at Hardee’s, and then confirmed that they were at the scene of the bank robbery. The ankle monitor further showed the route they took when they drove the getaway car away. They were stopped by the Mount Dora police and found in the getaway car that everybody had described, and the bank employee identified the defendant.
There is no merit to Simpson’s first contention on appeal the lower court abused its discretion in failing to appoint counsel to assist him at the evidentiary hearing. First, he did not request it and this is not a case where counsel would be required. The trial court’s conduct of the hearing and his communications with Simpson were appropriate. Simpson was offered the opportunity to examine witnesses. We also find no error in the trial judge’s conclusion that Simpson’s counsel was not ineffective. The only arguable mistake made by counsel was the failure to request an accomplice instruction. However, given the weight of all the evidence, counsel’s presentation of the issue during trial and the other general instructions on witness credibility and weight of the evidence, this omission does not warrant post-conviction relief. See Dennis v. State, 817 So.2d 741 (Fla.2002).
AFFIRMED.
PETERSON and MONACO, JJ., concur.

. Fla. Std. Jury Instr. (Crim.) 2.04(b).